**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:16-CV-00252-RJC**

| | |
|---|---|
| **DEREK S. MAHON,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **NANCY A. BERRYHILL,** ) <br> **Acting Commissioner of Social Security** ) <br> **Administration,** ) <br> ) <br> **Defendant.** ) <br> ) | **ORDER** |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment and Memorandum in Support, (Doc. Nos. 10, 11), and Defendant's Motion for Summary Judgment and Memorandum in Support, (Doc. Nos. 12, 13).

**I.     BACKGROUND**

   A. Procedural Background

Plaintiff Derek Mahon ("Plaintiff") seeks judicial review of Nancy A. Berryhill's ("Defendant" or "Commissioner") denial of his social security claim. Plaintiff filed an application under Title II for a period of disability and disability insurance benefits on October 23, 2012 alleging an onset date of December 27, 2011. (Doc. Nos. 8 to 8-8: Administrative Record ("Tr.") at 22, 338–46). (Doc. No. 8-3 at 22). The Commissioner denied Plaintiff's application first on January 25, 2013 and again on May 8, 2013 upon reconsideration. (Id. at 22). On May 30, 2013, the Plaintiff filed a written request for a hearing. (Id. at 22). On September 15, 2014, Plaintiff, represented by counsel, participated in and testified at a video hearing before an Administrative Law Judge ("ALJ"). (Id.). The ALJ issued a decision on December 22, 2014, denying Plaintiff's

claims. (Id. at 19–44). Plaintiff filed a request for review with the Appeals Council, which was subsequently denied on May 20, 2016, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-5).

Plaintiff's Complaint seeking judicial review and remand of his case was filed in this Court on July 19, 2016. (Doc. No. 2). Plaintiff's Motion for Summary Judgment, (Doc. No. 10), and Plaintiff's Memorandum in Support, (Doc. No. 11), were filed on December 24, 2016; and Defendant's Motion for Summary Judgment, (Doc. No. 12) and Memorandum in Support, (Doc. No. 13), were filed on January 24, 2017. Plaintiff did not file a response to the Defendant's motion for Summary Judgment and the time for doing so has passed. The pending motions are ripe for adjudication.

B. Factual Background

The question before the ALJ was whether Plaintiff was disabled under sections 216(i), 223(d) and 1614(a)(3)(A) of the Social Security Act. (Tr. 22). To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act.[1] Bowen v. Yuckert, 482 U.S. 137, 146 n5 (1987). The ALJ concluded that Plaintiff was not disabled from December 27, 2011 through the date of his decision, December 22, 2014. (Tr. 37).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

> (1) whether claimant is engaged in substantial gainful activity—if yes, not disabled;
> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet

---

[1] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

> the duration requirement in § 404.1509—if no, not disabled;
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1 and meets the duration requirement—if yes, disabled;
> (4) whether claimant has the residual functional capacity ("RFC") to perform his or her past relevant work—if yes, not disabled; and
> (5) whether considering claimant's RFC, age, education, and work experience he or she can make an adjustment to other work—if yes, not disabled.

See 20 C.F.R. § 404.1520(a)(4)(i-v). In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. at 37).

In reaching her decision, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since December 27, 2011, the alleged onset date. (Id. at 24). At the second step, the ALJ found that the Plaintiff had the following severe impairments: "osteoarthritis (back pain), gastrointestinal problems and stomach pain, daily incontinence, hernia, obesity, pain in the legs (cellulitis), hepatitis C, vein problems, cirrhosis, anxiety and depression…." (Id. at 25). At the third step, the ALJ determined that Plaintiff did not have an "impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 …." (Id.).

Subsequently, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform "light work." In particular, the ALJ found that Plaintiff retained the RFC to perform:

> Light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can occasionally lift/carry 10 to 20 pounds. The claimant can sit for six to eight hours during a day. The claimant [can] stand/walk for six out of the eight hours in a workday with the ability to change positions. The claimant cannot climb ladder. The claimant can perform occasional climbing and stooping. The claimant can frequently perform other postural such as bending, crouching and crawling. The claimant is limited to unskilled work with simple routine repetitive tasks. The claimant can have occasional

>interaction with the public. Routine tasks do not emphasize high production work.

(Id. at 28). When making this finding the ALJ explicitly states that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." (Id.). The ALJ further opined that she "considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and SSRs 96-2p, 96-5p, 96-6p and 06-3p." (Id.).

At the fourth step, the ALJ found that Plaintiff could not perform his past relevant work. (Id. at 35). At the fifth and final step, the ALJ concluded, that based on the testimony of a vocational expert ("VE") and "considering [Plaintiff's] age, education, work experience, and residual functional capacity, [that] there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." (Id.). Therefore, the ALJ concluded that the Plaintiff was not under a disability from December 27, 2011, through the date of this decision. (Id. at 37).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has

been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

In Mascio v. Colvin, the court held that, "[w]ithout a careful consideration of an individual's functional capacities to support [a residual functional capacity] assessment based on an exertional category, the adjudicator may either overlook limitations or restrictions that would narrow the ranges and types of work an individual may be able to do, or find that the individual has limitations or restrictions that he or she does not actually have." 780 F.3d 632, 636 (4th Cir. 2015). Here, on summary judgment, Plaintiff argues that the ALJ failed to abide by Mascio because she failed to perform a function-by-function assessment of how Plaintiff's daily incontinence affects his ability to consistently perform substantial gainful activity. (Doc. No. 11 at 2). Plaintiff alleges that the ALJ acknowledged his incontinence as a severe impairment but then failed to explain how Plaintiff's daily incontinence affected his workplace ability. (Id. at 4).

Indeed, the ALJ did find that Plaintiff's incontinence reached the level of a severe limitation. (Tr. 25). However, in determining the RFC, the ALJ considered this severe limitation and addressed it within her explanation. (Id. at 33). First, the ALJ noted that the Plaintiff "stated that he experienced incontinence and pain in the lower part of his body." (Id. at 29). The ALJ then specifically found that Plaintiff's GI problems were amongst those symptoms that lessoned with conventional treatment. (Id. at 30-31). The decision references doctors' opinions stating, "Dr. Jablecki noted that the claimant has some GI problems from the use of his medication; however, the claimant was continued on this medication with a note that the medication could be altered in the future with the use of samples or other prescriptions to address this GI problem." (Id. at 33).

In addition to Plaintiff's lessoning symptoms, the ALJ also found that Plaintiff's testimony lacked credibility. (Id. at 30). As such, the ALJ looked to Plaintiff's medical records as a whole in order to assess his RFC. In doing so, the ALJ found that Plaintiff failed to bring up his incontinence and GI issues with his doctors on a consistent basis. In discussing Plaintiff's "hernia, GI problems, and cirrhosis, the [ALJ] has also noted that treatment records from March revealed that the claimant denied nausea, vomiting, diarrhea, constipation and abdominal pain." (Id. at 31).

Plaintiff's brief cites Taylor v. Astrue, No. 7:11-CV-162-FL, 2012 WL 3637254 (E.D.N.C. Aug. 1, 2012), for the premise that "when an ALJ acknowledges the existence of a gastrointestinal ("GI") or urinary disorder, the ALJ needs to make specific findings concerning the frequency and duration of Plaintiff's bathroom usage." (Doc. No. 11 at 5). The Court disagrees with Plaintiff's interpretation of Taylor. In that unpublished decision, the plaintiff's GI issues were severe to the point the ALJ included them within the RFC. Taylor, 2012 WL 3637254, at *2. The court then took issue with inconsistencies between the ALJ's ultimate decision and the testimony of the VE.

Id. at *11.  Here, the ALJ relied on substantial evidence to conclude that the Plaintiff's incontinence issues were not severe enough to warrant a bathroom limitation within his RFC. (Tr. 30–31, 33).  If the ALJ did include incontinence within Plaintiff's RFC only to then ignore the VE's warnings regarding the limitations of incontinence, perhaps the Court would find Taylor more persuasive.  Ignoring such a warning from the VE would suggest that the ALJ lacked substantial evidence in reaching her decision.  Taylor, 2012 WL 3637254, at *11.

Upon reviewing the ALJ's decision, the Court finds that the ALJ did discuss the daily incontinence and GI issues of Plaintiff within her RFC analysis.  Specifically, the ALJ looked to the record and determined that this impairment could be corrected and would not constitute an ongoing issue.  The Court therefore finds that the four-page discussion of Plaintiff's impairments with analysis concerning Plaintiff's GI issues provides more than a scintilla of evidence supporting the ALJ's decision.  Given that there is substantial evidence that the ALJ conducted a function-by-function analysis of the Plaintiff's physical abilities, mental abilities, and social abilities which included the Plaintiff's daily incontinence, the Court finds that the ALJ did not err in determining the RFC.

IV. **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 10), is **DENIED**;
2. Defendant's Motion for Summary Judgment, (Doc. No. 12), is **GRANTED**; and
3. The Clerk of Court is directed to close the case.

Signed: September 30, 2017

Robert J. Conrad, Jr.
United States District Judge